**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| YOUSIF H. HALLOUM, ) <br> ) <br> Appellant, ) <br> vs. ) <br> ) <br> WELLS FARGO BANK, N.A., *et al.*, ) <br> ) <br> Appellees. ) <br> ) | Case No.: 2:18-cv-01555-GMN <br> Bk No.: 16-16815-BTB <br><br> **ORDER** |

Pending before the Court is the Motion to Transfer Venue, (ECF No. 7), and related filings, (ECF Nos. 8, 12),[1] filed by Appellant Yousif H. Halloum ("Appellant"). Appellee Wells Fargo Bank, N.A. ("Wells Fargo") filed a Response, (ECF No. 14), to which Appellant did not file a reply. Also pending before the Court is Appellant's unopposed Motion for Leave to Allow Pro Se Filing, (ECF No. 6).[2]

For the reasons addressed below, Appellant's Motion to Transfer is **DENIED** and the Motion for Leave to Allow Pro Se Filing is **GRANTED**.

I. **BACKGROUND**

This appeal arises from the bankruptcy court's denial of Appellant's motion to permit his tardy filing of a disclosure statement, plan of reorganization, and appraisal. (*See* Notice of Appeal at 3, ECF No. 1). Appellant filed his voluntary Chapter 11 petition in the United States Bankruptcy Court for the District of Nevada (the "bankruptcy court") seeking relief with

---

[1] Appellant's related filings include an *ex parte* Motion for an Order, (ECF No. 8), and a Motion for a Hearing, (ECF No. 12).

[2] Also pending before the Court is Wells Fargo's unopposed Motion to Substitute Attorney, (ECF No. 10), which is hereby **GRANTED**.

respect to two pieces of real property, one in Nevada, and the other in California. (*See* Ch. 11 Pet., *In re Yousif Halloum*, Case No. 16-16815-BTB (Bankr. D. Nev. Dec. 29, 2016)).

Wells Fargo moved the bankruptcy court for relief from imposition of the automatic stay, which Appellant did not oppose. (*See* Order, ECF No. 57, *In re Yousif Halloum*). After a hearing on the issue, the bankruptcy court ordered termination of the automatic stay. (*Id.*). Appellant subsequently filed a motion requesting permission to file a tardy disclosure statement, plan of organization, and appraisal. (*See* Motion, ECF No. 77, *In re Yousif Halloum*). The bankruptcy court denied Appellant's Motion, and this appeal followed. (*See* Order, ECF No. 108, *In re Yousif Halloum*).

Pursuant to 28 U.S.C. § 158(c)(1), Appellant elected to have this Court, rather than the bankruptcy appellate panel, consider his appeal. (*See* Notice of Appeal at 2). Following this Court's order setting forth a briefing schedule, (ECF No. 5), Appellant filed the instant Motion to Transfer Venue, (ECF No. 7). Appellant correspondingly moved the bankruptcy court to transfer venue, which the court denied following a hearing. (*See* ECF Nos. 132, 142, *In re Yousif Halloum*). Appellant appealed that ruling, which is currently pending before Judge Gordon in case no. 2:19-cv-00037-APG.

## II. DISCUSSION

### A. Motion to Transfer Venue

Appellant requests that the Court transfer this action to the District Court for the Northern District of California under 28 U.S.C. 1404(a). (Mot. to Transfer 7:7–9:4, ECF No. 7). Wells Fargo responds that Appellant's Motion is procedurally improper and is premised upon an inapplicable legal standard. (Resp. 2:1–3:13, ECF No. 14). The Court agrees with Wells Fargo.

Appellant has not identified authority permitting this Court to transfer the action to another district court. The statute upon which Appellant relies, 28 U.S.C. § 1404(a), allows transfer only to "any other district or division where [the action] might have been brought." Having elected to have this Court hear his appeal rather than the bankruptcy appellate panel, this Court is without authority to transfer the matter. *See* 28 U.S.C. § 158(a) ("An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving."). The Court, therefore, denies Appellant's Motion.[3]

### B. Motion for Leave to Permit Pro Se Filings

Appellant also moves the Court for leave to permit his filing of pro se briefs, (ECF No. 6). Although pro se parties are generally held to less stringent standards, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986). A pro se litigant must follow the same rules of procedure that govern other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (noting that "pro se litigants are bound by the rules of procedure"). The court appreciates that it can be difficult for pro se parties to litigate their claims. Pro se parties are advised to familiarize themselves with the Federal Rules of Civil Procedure, the Local Rules of Practice, and relevant case law as much as possible.[4] The Local Rules of Practice require attorneys "to file all documents electronically." LR IC 2-1(a). However, "[a] pro se litigant may request the court's authorization to register as a filer in a specific case." LR IC 2-1(b).

---

[3] Because Appellant's Motion to Transfer fails on a pure issue of law, the Court finds a hearing on the motion is unnecessary. Accordingly, Appellant's Motion for Hearing, (ECF No. 8), is **DENIED**.

[4] The Federal Rules of Civil Procedure may be accessed on the United States Courts website free of charge at: http://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure. The Local Rules of Practice may be accessed from this Court's website free of charge at http://www.nvd.uscourts.gov/. In addition, litigants may access the District of Nevada's pro se assistance packet through a link on the court's website, available at https://www.nvd.uscourts.gov/wp-content/uploads/2017/08/Representing-Yourself-Guide.pdf.

Here, Appellant asks the Court to allow him to use the District's CM/ECF system in order to file, access, and electronically serve documents in this case. For good cause appearing, Appellant's Motion is granted consistent with the instructions set forth below.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Appellant's Motion for Leave to File Pro Se, (ECF No. 6), is **GRANTED**. Appellant must comply with the following procedures in order to active his/her CM/ECF account:

 i. On or before **June 5, 2019,** Appellant must complete the CM/ECF tutorial, which is accessible on the court's website www.nvd.uscourts.gov in the Civil & Criminal Events Menu, and file certification indicating that he is familiar with the electronic filing procedures and best practices.

 ii. Appellant is not authorized to file electronically unless the certification is filed with the court within the specified time frame.

 iii. Upon timely filing of the certification, Appellant shall contact Robert Johnson at the CM/ECF Help Desk at (702) 464-5555 to set up a CM/ECF account.

 iv. The Court cautions that CM/ECF access may be revoked for failure to follow the applicable rules or for abusive litigation practices.

**IT IS FURTHER ORDERED** that Appellant shall file his opening brief within fourteen (14) days of Appellant's filing of his certification that he is familiar with the electronic filing procedures and best practices. Appellees shall have fourteen (14) days after Appellant files his opening brief to file an answering brief. Thereafter, Appellant shall have fourteen (14) days to file a reply brief.

**IT IS FURTHER ORDERED** that Appellant's Motion to Transfer Venue, (ECF No. 7), is **DENIED**.

**IT IS FURTHER ORDERED** that Appellant's Motion for an Order, (ECF No. 8), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Appellant's Motion for a Hearing on the Motion to Transfer Venue, (ECF No. 12), is **DENIED**.

**IT IS FURTHER ORDERED** that Wells Fargo's Motion to Substitute Attorney, (ECF No. 10), is **GRANTED**.

**DATED** this __7__ day of May, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Judge