# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

YOUSIF H. HALLOUM,

    Appellant,

vs.

WELLS FARGO BANK, N.A., *et al.*,

    Appellees.

Case No.: 2:18-cv-01555-GMN

**ORDER**

Appeal from the United States Bankruptcy Court for the District of Nevada
Bk No.: 16-16815-BTB

Pending before the Court is the bankruptcy appeal of *Yousif H. Halloum v. Wells Fargo Bank, N.A.*, *et al.*, Case No. 2:18-cv-01555. Appellant Yousif H. Halloum ("Appellant") filed an Opening Brief, (ECF No. 16), to which Appellee Wells Fargo Bank, N.A. ("Wells Fargo") filed an Answering Brief, (ECF No. 22).

Also pending before the Court are the following fully briefed Motions: Appellant's Motion to Reconsider, (ECF No. 20), and Wells Fargo's Motion for Sanctions, (ECF No. 23).

For the reasons discussed herein, the Court **AFFIRMS** the underlying bankruptcy court order, **DENIES** Appellant's Motion to Reconsider,[1] and **GRANTS** Wells Fargo's Motion for Sanctions.

# I. BACKGROUND

This appeal arises from the bankruptcy court's denial of Appellant's motion to permit his tardy filing of a disclosure statement, plan of reorganization, and appraisal (the "Motion to Extend Time"). (*See* Notice of Appeal at 3, ECF No. 1). Appellant filed the underlying voluntary Chapter 11 petition in the United States Bankruptcy Court for the District of Nevada

---

[1] Appellant has also filed a series of miscellaneous motions addressing issues outside the scope of this appeal. (*See* ECF Nos. 42–45, 47, 49–50).

(the "bankruptcy court") seeking relief with respect to real property in California. (*In re Halloum*, Case No. 16-16815-BTB (Bankr. D. Nev. Dec. 29, 2016) (Ch. 11 Pet., ECF No. 1)); (*See* Op. Br. at 1–2).

Relevant to the instant appeal, the bankruptcy court granted Wells Fargo's motion for relief from the automatic stay, finding Appellant failed to oppose the motion and concluding Wells Fargo successfully demonstrated good cause for relief. (*See* Hr'g Tr. 4:16–5:8, *In re Halloum*, ECF No. 62). Appellant subsequently moved to substitute himself in place of his counsel, which the bankruptcy court granted. (*See* Order, *In re Halloum*, ECF No. 75).

Appearing pro se, Appellant filed a motion with the bankruptcy court seeking reconsideration of the order lifting the stay, contending that his prior counsel's negligence was to blame for the adverse ruling. (*See* Mot. to Recons., *In re Halloum*, ECF No. 104). Appellant also filed his Motion to Extend Time, requesting permission to file a tardy disclosure statement, plan of organization, and appraisal. (*See* Mot., *In re Halloum*, ECF No. 77). Following a hearing, the bankruptcy court denied both motions.

With respect to the motion to reconsider, the bankruptcy court noted that Appellant's motion focused solely on his prior counsel's lack of diligence. (*See* Hr'g Tr. 8:12–9:6, *In re Halloum*, ECF No. 97). Because the motion failed to articulate any error in the court's determination that Wells Fargo was entitled to relief on the merits, the Court found reconsideration unwarranted. (*Id.* 8:12–9:6). As to the Motion to Extend Time, the bankruptcy court stated that Appellant was under the misapprehension that he missed a deadline to file a disclosure statement, plan of reorganization, and appraisal. (*Id.* 7:12–8:5). Concluding that nothing precluded Appellant from meeting the yet-to-be-expired deadline, the bankruptcy court denied Appellant's Motion, issuing a written order on August 15, 2018. (*Id.* 8:6–11).

The next day, Appellant filed a Notice of Appeal in which he elected to have this Court, rather than the Ninth Circuit Bankruptcy Appellate Panel hear his appeal. (*See* Notice of

Appeal at 2, ECF No. 1). The Notice of Appeal identifies the bankruptcy court's order denying Appellant's Motion to Extend Time as the subject of this appeal. (*Id.*).

Following this Court's order setting forth an appellate briefing schedule, (ECF No. 5), Appellant moved this Court to transfer venue, (ECF No. 7), which the Court denied upon finding it was procedurally improper and premised upon an inapplicable legal standard. (*See* Order 2:19–3:7, ECF No. 15). Prior to this Court's denial, Appellant correspondingly moved the bankruptcy court to transfer venue, which the court denied following a hearing. (*See In re Halloum*, ECF Nos. 132, 142). Appellant appealed that ruling, which is currently pending before Judge Gordon in Case No. 2:19-cv-00037.

Wells Fargo, for its part, filed the instant Motion for Sanctions, asserting that the arguments Appellant puts forth are irrelevant and otherwise outside the scope of this appeal. (Mot. for Sanctions, ECF No. 23). Consequently, Wells Fargo requests an order deeming this appeal frivolous and sanctioning Appellant by awarding attorneys' fees to Wells Fargo. (*Id.*).

## II.  **STANDARD OF REVIEW**

The Court reviews *de novo* the bankruptcy court's conclusions of law, "including its interpretation of the Bankruptcy Code." *In re Rains*, 428 F.3d 893, 900 (9th Cir. 2005). On appeal, a district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." *E.g.*, *Cesar v. Charter Adjustments Corp.*, 519 B.R. 792, 795 (E.D. Cal. 2014).

## III.  **DISCUSSION**

Preliminarily, Appellant's Opening Brief is dedicated exclusively to the bankruptcy court's order denying his motion to transfer venue, an issue presently on appeal before Judge Gordon (the "Venue-Transfer Appeal"). Moreover, the brief bears the Venue-Transfer Appeal's caption and is clearly a carbon copy of the same. (*See* Op. Br., ECF No. 16); (*see also* Op. Br., *In re Halloum*, Case No. 2:19-cv-00037-APG, ECF No. 10). It is well established that

this Court, sitting as an appellate tribunal, need not "consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief." *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

The Court, however, finds that alternative grounds preclude this Court from treating this appeal on the merits—this Court is without appellate jurisdiction.

**A. Jurisdiction**

"Jurisdiction over an appeal from an order of a bankruptcy court is governed by 28 U.S.C. § 158." *In re Frontier Props., Inc.*, 979 F.2d 1358, 1362 (9th Cir. 1992). Section 158 vests district courts with appellate jurisdiction over three categories of bankruptcy court orders: (1) "final judgments, orders, and decrees"; (2) "interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title"; and (3) other interlocutory orders and decrees "with leave of the court." 28 U.S.C. § 158(a)(1)–(3).

Here, Appellant's Motion to Extend Time[2] does not arise under any subsection of § 158(a). Section 158(a)(1) does not apply because denials of motions to extend time are not final orders reviewable on appeal. *See Travers v. Dragul* (*In re Travers*), 202 B.R. 624, 625 (9th Cir. BAP 1996) (stating that the appeal is interlocutory because "the order allowing an extension of the filing deadline determined only an intervening matter of the Plaintiffs' claims against the Debtor"); *In re Plaza Family P'ship*, 95 B.R. 166, 170 (E.D. Cal. 1989) ("[A]n order shortening time is not a final order and therefore not appealable"). Nor was the underlying bankruptcy court order final in *any* sense. As the bankruptcy court explained,

---

[2] To the extent Appellant alludes to other bankruptcy orders in his Notice of Appeal, this Court is without jurisdiction to consider them. *See* Fed. R. Bankr. P. 8002(a)(1) ("[A] notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."); *see also In re Slimick*, 928 F.2d 304, 306 (9th Cir. 1990) ("The untimely filing of a notice of appeal is jurisdictional.").

Appellant's Motion to Extend Time was without merit because Appellant was under the erroneous belief that he missed a deadline. (*See* Hr'g Tr. 8:9–11, 11:17–22, *In re Halloum*, ECF No. 97) ("I deny your motion to file a tardy disclosure statement, plan, and appraisal because they're not tardily filed. . . . You may proceed with the disclosure statement. . . . But there's no deadline that you missed . . . so you certainly have the ability to file your plan."). Thus, the underlying order, by its express language, had no impact on Appellant's ability to file a timely reorganization plan.

Finally, the Motion to Extend Time also does not fall within §§ 158(a)(2) or (3). The bankruptcy court's order neither increased nor reduced the time periods under 11 U.S.C. § 1121(d), and Appellant never filed a motion requesting leave to pursue this appeal.

In sum, the issue Appellant raises here is not an appealable order under any provision of § 158. Therefore, because the Court is without jurisdiction, the present appeal must be dismissed.[3]

### B. Motion to Reconsider

Appellant's Motion to Reconsider concerns this Court's denial of his motion to transfer venue. (*See* Mot. to Recons., ECF No. 20). Appellant, however, identifies no basis for reconsideration and neglects to address this Court's reasoning in denying his motion. (*See id.*). As such, reconsideration is unwarranted and Appellant's Motion is denied.

### C. Motion for Sanctions

Wells Fargo moves for an order declaring the present appeal frivolous and awarding it attorneys' fees for time spent defending against it. (*See generally* Mot. for Sanctions, ECF No. 23). Wells Fargo contends that Appellant has consistently and improperly treated this appeal as a vehicle to attack an unrelated underlying bankruptcy order that is not before this Court. Wells

---

[3] In light of this conclusion, the Court need not reach Wells Fargo's mootness argument. (*See* Wells Fargo's Suppl. Br. at 2–3, ECF No. 41).

Fargo points out that: (a) Appellant's Opening Brief fails to address the Motion to Extend Time, the only issue properly on appeal; (b) the brief is a carbon copy of that filed in the Venue-Transfer Appeal before Judge Gordon; (c) Appellant filed an "Answering Brief" in this case, styled as Wells Fargo's brief, which was copied and pasted from a brief in Venue-Transfer Appeal; and (d) Appellant has failed to make any argument, in any of his voluminous filings, in favor of reversing the bankruptcy order on appeal. (*Id.* 2–5). Given the purported frivolity, Wells Fargo requests an award of attorneys' fees in the amount of $3,847.50. (*Id.* at 5).

### *1) Merits of this Appeal*

"Fed. R. Bankr. P. 8020, which mirrors the language of Fed. R. App. P. 38, . . . exists to clarify that district courts and bankruptcy appellate panels have the authority to award damages or costs for frivolous appeals." *In re Marino*, 234 B.R. 767, 770 (B.A.P. 9th Cir. 1999). "An appeal is frivolous if the result is obvious, or the arguments of error are wholly without merit." *DeWitt v. W. Pac. R. Co.*, 719 F.2d 1448, 1451 (9th Cir. 1983). An appellant's failure to brief or otherwise support the issue she raises on appeal may support a finding of frivolousness and an award of sanctions. *See, e.g.*, *In re Smith*, 335 F. App'x 667, 668 (9th Cir. 2009) (affirming the bankruptcy appellate panel's imposition of sanctions for the appellant's "fail[ure] to address the only bankruptcy court order from which she timely appealed."); *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1417 (9th Cir. 1990); *Operating Engineers Pension Tr. v. Cecil Backhoe Serv., Inc.*, 795 F.2d 1501, 1508 (9th Cir. 1986). The court may, in its discretion, impose sanctions for a frivolous appeal notwithstanding an appellant's pro se status. *See Maisano v. United States*, 908 F.2d 408, 411 (9th Cir. 1990).

The Court agrees with Wells Fargo that this appeal is frivolous. Appellant's Opening Brief does not put forth any argument, or even address, the bankruptcy order he is purportedly appealing, the Motion to Extend Time. Nor does Appellant do so in any other filing before the

Court.  The issue Appellant *does* discuss, venue transfer, rehashes arguments already ruled upon by this Court and determined to be improper. (*See* Order 2:10–16, 3:1–7, ECF No. 15).  In light of these findings, the Court concludes this appeal is frivolous and Wells Fargo is entitled to attorneys' fees.

### *2) Sanctions*

Rule 8020 provides that "just damages" may be awarded upon finding an appeal is frivolous. *See* Fed. R. Bankr. P. 8020; *see also* Fed. R. App. P. 38.  "Just damages" may "include attorneys' fees incurred in defending against the frivolous issues or frivolous portions of an appeal." *Blixseth v. Yellowstone Mountain Club, LLC*, 854 F.3d 626, 630 (9th Cir. 2017).

Wells Fargo supports its request for attorneys' fees with a declaration from counsel, attesting to the time spent defending this appeal and providing an itemized schedule of fees incurred. (*See* Van Patten Decl., ECF No. 23).  Counsel declares that he spent 17.1 hours on this appeal and voluntarily reduced his hourly rate to $225.00, amounting to $3,847.50 in fees. (*Id.*).  Upon review, the Court is satisfied that $3,847.50 represents an accurate accounting of Wells Fargo's time during these proceedings.  The Court, accordingly, grants Wells Fargo's Motion and awards it the requested $3,847.50 in attorneys' fees.

## IV. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that the September 15, 2018 Order of the United States Bankruptcy Court for the District of Nevada is **AFFIRMED**.  This appeal is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that Appellant's Motion for Reconsideration, (ECF No. 20), is **DENIED**.

**IT IS FURTHER ORDERED** that Wells Fargo's Motion for Sanctions, (ECF No. 23), is **GRANTED**.  Wells Fargo is hereby awarded $3,847.50 in attorneys' fees against Appellant Yousif H. Halloum.

**IT IS FURTHER ORDERED** that Appellant's remaining motions, (ECF Nos. 42, 43, 44, 45, 47, 49–50), are **DENIED as moot**.

The Clerk of Court is instructed to enter judgment in accordance with this Order and close this case.

**DATED** this \_\_\_5\_\_\_ day of September, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court