# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| YOUSIF H. HALLOUM, | Case No.: 2:18-cv-01555-GMN |
| Appellant, | **ORDER** |
| vs. | |
| WELL FARGO BANK, N.A., *et al.*, | Appeal from the United States Bankruptcy Court for the District of Nevada |
| Appellees. | Bk No.: 16-16815-BTB |

Pending before the Court is the Motion for Reconsideration, (ECF No. 55), filed by Appellant Yousif H. Halloum ("Appellant"). Appellee Wells Fargo, N.A. ("Wells Fargo") filed a Response, (ECF No. 56), and Appellant filed a Reply, (ECF No. 58). Also pending before the Court are Appellant's Motion to Show Cause, (ECF No. 60), Emergency Motion to Stop Foreclosure, (ECF No. 61), and Motion for Temporary Restraining Order and Permanent Injunction, (ECF Nos. 65, 66). Wells Fargo did not respond to these motions. For the reasons discussed below, the Court **DENIES** Appellant's Motions.

## I. BACKGROUND

Appellant filed the underlying voluntary Chapter 11 petition in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court") seeking relief with respect to real property in California. (*In re Halloum*, Case No. 16-16815-BTB (Bankr. D. Nev. Dec. 29, 2016)); (*See* Op. Br. at 1–2). While bankruptcy proceedings were ongoing, the Bankruptcy Court granted Wells Fargo's motion for relief from an automatic stay. (*See* Hr'g Tr. 4:16–5:8, *In re Halloum*, ECF No. 62). The Bankruptcy Court found that Appellant failed to oppose the motion and Wells Fargo successfully demonstrated good cause for relief from the

stay. (*Id.*). Appellant subsequently moved to substitute himself in place of his counsel, which the bankruptcy court granted. (*See* Order, *In re Halloum*, ECF No. 75).

Appearing pro se, Appellant filed a Motion with the Bankruptcy Court requesting reconsideration of its order lifting the automatic stay. Appellant contended that his prior counsel's negligence was to blame for the adverse ruling, and that an automatic stay should remain in effect. (*See* Mot. to Recons.*, In re Halloum*, ECF No. 104). Appellant also filed a Petition to Permit the Tardy Filing, requesting permission to file a tardy disclosure statement, plan of organization, and appraisal. (*See* Mot., *In re Halloum*, ECF No. 77). Following a hearing, the Bankruptcy Court denied both the Motion for Reconsideration and the Petition to Permit Tardy Filing. With respect to the Motion for Reconsideration, the Bankruptcy Court noted that Appellant's motion focused solely on his prior counsel's lack of diligence. (*See* Hr'g Tr. 8:12–9:6, *In re Halloum*, ECF No. 97). Because the motion failed to articulate any error in the court's determination that Wells Fargo was entitled to relief on the merits, the Bankruptcy Court found reconsideration unwarranted. (*Id.* 8:12–9:6). As to the Petition to Permit Tardy Filing, the Bankruptcy Court stated that Appellant was under the misapprehension that he missed a deadline to file a disclosure statement, plan of reorganization, and appraisal. (*Id.* 7:12–8:5). Concluding that nothing precluded Appellant from meeting the yet-to-be-expired deadline, the Bankruptcy Court denied Appellant's Petition to Permit Tardy Filing. (*Id.* 8:6–11).

On August 16, 2018, Appellant filed a Notice of Appeal in which he elected to have this Court, rather than the Ninth Circuit Bankruptcy Appellate Panel, hear the appeal. (*See* Notice of Appeal at 2–3, ECF No. 1). The Notice of Appeal identifies the Bankruptcy Court's order denying Appellant's Petition to Permit Tardy Filing as the subject of this appeal. (*Id.*).

Following this Court's Order setting forth an appellate briefing schedule, (ECF No. 5), Appellant moved this Court to transfer venue, (ECF No. 7), which the Court denied upon

finding it was procedurally improper and premised upon an inapplicable legal standard. (*See* Order 2:19–3:7, ECF No. 15). Prior to this Court's denial, Appellant moved the Bankruptcy Court to transfer venue, which the Bankruptcy Court denied following a hearing. (*See In re Halloum*, ECF Nos. 132, 142). Appellant appealed that ruling, which is before the Honorable Judge Andrew P. Gordon in Case No. 2:19-cv-00037.

On September 5, 2019, the Court affirmed the Bankruptcy Court's Order denying Appellant's Petition to Permit Tardy Filing. (Order, ECF No. 51). Twelve days later, Petitioner filed the instant Motion for Reconsideration, (ECF No. 55). Thereafter, Petitioner filed several motions concerning an impending foreclosure on his real property located in Nevada. (Mot. Temporary Restraining Order ("TRO"), ECF Nos. 65, 66).

## II.  DISCUSSION

The below discussion first addresses Appellant's Motion for Reconsideration, then Appellant's motions to enjoin a foreclosure.

### A. Motion for Reconsideration

Appellant's argument for reconsideration again focuses on reviewing the Bankruptcy Court's denial of his motion to transfer venue and request to allow late filings of a "Disclosure Statement, Plan of Reorganization, and Appraisal" based on his prior counsel's "excusable neglect." (Mot. Reconsider 3:14–24, 5:3–10, 6:18–7:13). Appellant also appears to seek review of the Bankruptcy Court's termination of an automatic stay. (*Id.* 3:14–14, 4:25–5:2). He contends that, because his prior counsel failed to timely file reorganization documents, the Bankruptcy Court improperly lifted an automatic stay covering Appellant's property in California. (*Id.*).

The Court finds no reason to reconsider its Order dismissing this appeal. Appellant's arguments regarding transfer of venue relate to matters outside the Court's appellate jurisdiction in *this* matter because, as previously explained, these venue issues were pending

before Judge Gordon in a separate case. To the extent Petitioner seeks review of the Bankruptcy Court lifting an "automatic stay" on the Appellant's property located in California, that issue was not raised in Petitioner's Statement of Issues in bringing this appeal. (*See* Statement of Issues on Appeal 2:9–23, ECF No. 4-1) (exclusively addressing the filing of proofs of claim and a "Disclosure Statement, Plan of Reorganization, and the Appraisal" because of "excusable neglect" based on actions from prior counsel); (Not. Appeal at 3, ECF No. 1). Further, the Bankruptcy Court explained in its ruling that it lifted the automatic stay for reasons apart from any delay by Appellant's counsel and apart from Appellant's misapprehension that he missed a deadline to file a disclosure statement, plan of reorganization, and appraisal. (*See See* Hr'g Tr. 4:1–5:14, *In re Halloum*, ECF No. 62); (Hr'g Tr. 8:12–9:6, *In re Halloum*, ECF No. 97).[1] Thus, issues with lifting an automatic stay are outside the scope of appellate review here concerning Appellant's Petition to Permit Tardy Filing.[2] *Cf. Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (explaining that an appellate court "will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief.")

**B. Motions to Enjoin Foreclosure**

28 U.S.C. § 158 vests district courts with appellate jurisdiction over three categories of bankruptcy court orders: (1) "final judgments, orders, and decrees"; (2) "interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods

---

[1] Appellant's reference to the automatic stay in his Opening Brief arises in the context of arguments challenging the Bankruptcy Court's decisions about deadlines to file documents and denial of the request to transfer venue. (Mot. Reconsideration 3:9–24, 6:18–7:13, ECF No. 55) (presenting arguments about an order denying Appellant's request to "reinstate the Stay," and concluding that "[f]or the reasons stated above the case should be transferred to California."). Even if Appellant properly raised the issue of lifting an automatic stay covering his property in California, Appellant does not provide reason in his Opening Brief to show why the Bankruptcy Court's ruling was incorrect on its merits.

[2] Also outside the scope of review here is Appellant's challenge to the Bankruptcy Court's jurisdiction over a complaint pending before another District Court in San Francisco. (*See* Motion to Show Cause 3:7–5:27, ECF No. 60). The Court accordingly denies Appellant's Motion to Show Cause.

referred to in section 1121 of such title"; and (3) other interlocutory orders and decrees "with leave of the court." 28 U.S.C. § 158(a)(1)–(3).

In Appellant's recent motions filed after the Court dismissed this appeal, Appellant moves for preliminary and permanent injunctive relief to enjoin a foreclosure on real property located at 2428 Devotion Ridge Dr., Henderson, Nevada. (Mot. Preliminary Inj. at 1, ECF No. 66). Appellant claims that the party proceeding with the foreclosure, Caliber Home Loans, failed to comply with a loan modification agreement and failed to apply Appellant's payments to a loan. (*Id.* 2:19–10:28). Appellant appears to state that the Bankruptcy Court permitted the foreclosure process to continue in a September 17, 2019 hearing, where the Bankruptcy Court discussed a "Motion for Relief from Automatic Stay." (*Id.* 2:10–4:12).

Appellant's instant request for injunctive relief was neither presented to the Bankruptcy Court before this appeal on August 17, 2018, nor raised in Appellant's May 16, 2019 Opening Brief. (Op. Br. 12:6–16, ECF No. 16) (requesting injunctive relief for a "California house"). Consequently, in this appellate posture, the Court declines to consider the enjoinment of on-going foreclosure proceedings with Appellant's Nevada property.[3] *Cf. Padgett*, 587 F.3d at 985 n.2; *see* Fed. R. Bankr. P. 8002(a)(1) ("[A] notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."). Moreover, the Court's prior Order outlined the scope of this appeal as restricted to the denial of Appellant's Petition to Permit Tardy Filing. (Order 4:24–25 n.2, 5:8–18, ECF No. 51) (stating that the issue of venue-transfer was presently on appeal before Judge Gordon in Case No. 2:19-cv-00037-APG). The Court's instant denial of reconsideration on its previous Order sustains

---

[3] In the Opening Brief, (ECF No. 16), Appellant raised concerns of a foreclosure in California; but Appellant made clear that "there is NO foreclosing [sic] pending on NEVADA property (HOUSE) . . . ." That clarification demonstrates the distinct foreclosure issues raised in Appellant's recent motions concerning foreclosure proceedings "on the Debtor property in Nevada," as opposed to issues handled by the Bankruptcy Court. (Em. Mot. TRO 1:13–16).

this appeal's limited scope.[4] Consequently, Appellant's motions to enjoin a foreclosure on Nevada property are denied because they are outside this specific appeal before the Court.[5]

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Appellant's Motion for Reconsideration, (ECF No. 55), is **DENIED**.

**IT IS FURTHER ORDERED** that Appellant's Motion to Show Cause, (ECF No. 60), is **DENIED**.

**IT IS FURTHER ORDERED** that Appellant's Emergency Motion to Stop Foreclosure, (ECF No. 61), is **DENIED**.

**IT IS FURTHER ORDERED** that Appellant's Motion to Refile Exhibits, (ECF No. 64), is **DENIED**.

**IT IS FURTHER ORDERED** that Appellant's Motion for Temporary Restraining Order and Permanent Injunction, (ECF Nos. 65, 66), is **DENIED**.

**DATED** this __8__ day of April, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[4] Also pending before the Court is Appellant's Motion to Refile Exhibits, (ECF No. 64). Because the Court reaffirms its prior dismissal of this appeal, refiling exhibits will not assist the Court. Appellant's Motion to Refile Exhibits is, therefore, denied.

[5] Appellant states that he previously brought the foreclosure issue to the Court's attention in case 2:19-cv-00037. That case was pending before Judge Gordon, and it is entirely separate from this one. The Court's current Order should not be construed as impacting the proceedings overseen by Judge Gordon. Similarly, the Court expresses no opinion about the scope of the bankruptcy appeal in 2:19-cv-00037-APG.